IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Abrar U. Haque, | ) | CASE NO. 1:15 CV 966 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| Warden, Federal Correctional | ) | **AND ORDER** |
| Institution Elkton, | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* petitioner Abrar U. Haque is a federal prisoner presently incarcerated at Federal Satellite Low Elkton. He has filed this petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. For the reasons stated below, his petition is denied.

### Background

On February 1, 2006, a federal grand jury returned a 79-count indictment charging petitioner with multiple crimes: RICO conspiracy; conspiracy to defraud the United States by impairing and impeding the lawful functions of the Internal Revenue Service; making and subscribing false individual and employment tax returns; conspiracy to launder money; money laundering; fraudulent misuse of visas; wire fraud; mail fraud; bank fraud; healthcare fraud; interstate transportation of property taken by fraud; and making false statements to a federal officer. On October 16, 2006, a jury returned guilty verdicts against the petitioner on all but three of the counts. This Court sentenced the petitioner on January 9, 2007, to 144 months imprisonment and three years supervised release. The Sixth Circuit Court of Appeals affirmed petitioner's convictions and sentence on

appeal. *United States v. Haque*, 315 Fed. App'x 510 (6th Cir. 2009).

The petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Among other things, he asserted he was innocent of the crime of money laundering based on the intervening Sixth Circuit decision in *United States v. Kratt*, 579 F.3d 558 (6th Cir. 2009) and the Supreme Court's decision in *United States v. Santos*, 553 U.S. 507 (2008). This Court considered *Kratt* and *Santos* and found they did not present a basis to overturn the petitioner's money-laundering conviction. *Haque v. United States*, Case No. 1: 05 CR 182, 2011 WL 737319 (N.D. Ohio Feb. 24, 2011).

Petitioner now seeks relief pursuant to 28 U.S.C. § 2241, contending he is actually innocent of the money laundering conviction for which he is incarcerated based on *Kratt* and *Santos*.

## Discussion

A district court conducts an initial review of *habeas corpus* petitions. 28 U.S.C. §2243; *Alexander v. Bureau of Prisons*, 419 Fed. App'x 544, 545 (6th Cir. 2011). The court must deny a petition on initial review if it plainly appears from the face of the petition that the petitioner is not entitled to relief. *Id.* The allegations in the petition are accepted as true and liberally construed in the petitioner's favor. *Urbina v. Thomas*, 270 F.3d 292, 295 (6th Cir. 2001).

The petitioner is not entitled to relief under 28 U.S.C. § 2241. The primary avenue of relief for a federal prisoner seeking to challenge a conviction or sentence is through a petition under 28 U.S.C. § 2255. Section 2241 is the appropriate avenue for a prisoner to challenge "the execution or manner in which [a prisoner's] sentence is served." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). A savings clause in § 2255, 28 U.S.C. § 2255(e), provides a very limited exception and allows a federal prisoner to challenge his conviction or sentence under § 2241 only if § 2255 "is

inadequate or ineffective to test the legality of [his] detention." *Terrell v. U.S.*, 564 F.3d 442, 447 (6th Cir. 2009). However, § 2255 relief is not inadequate or ineffective merely because § 2255 relief has been denied, the petitioner is procedurally barred from pursuing § 2255 relief, or the petitioner has been denied permission to file a second or successive § 2255 motion. *Barnes v. United States*, 102 Fed. App'x 441, 443 (6th Cir. 2004). The savings clause has been applied to allow a § 2241 petition only where a petitioner demonstrates "actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255." *Hayes v. Holland*, 473 Fed. App'x 501, 501-02 (6th Cir. 2012).

The petitioner had the opportunity to, and in fact did, challenge his money laundering conviction on the basis of *Santos* and *Kratt* in his § 2255 petition. Accordingly, his § 2255 remedy was not "inadequate or ineffective" to test the validity of that conviction and he cannot seek *habeas* relief under § 2241.

### Conclusion

For the reasons stated above, the pending petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: September 8, 2015